IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY RAY COLEMAN, | ) | No. C 15-5355 LHK (PR) |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) | |
| ERICA MONTRIEZ ULSHOEFFER, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. Plaintiff has also filed a motion for leave to proceed in forma pauperis ("IFP"). (Docket No. 2). For the reasons stated below, the court orders plaintiff to show cause why his motion for leave to proceed IFP should not be denied, and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1   For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails
2   to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil
3   Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that
4   is "of little weight or importance: having no basis in law or fact," and the word "malicious"
5   refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d
6   1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories
7   can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under
8   section 1915(g) should only occur when, "after careful evaluation of the order dismissing an
9   [earlier] action, and other relevant information, the district court determines that the action was
10  dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

11  *Andrews* requires that the prisoner be given notice of the potential applicability of section
12  1915(g), by either the district court or the defendants, but also requires the prisoner to bear the
13  ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in this
14  case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*,
15  but requires the court to notify the prisoner of the earlier dismissals it considers to support a
16  section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before
17  dismissing the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner
18  cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his
19  claims if he pays the full filing fee at the outset of the action.

20  A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has
21  had at least three such cases dismissed on the ground that they were frivolous, malicious, or
22  failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the
23  court believes the following federal district court dismissals may be counted as dismissals for
24  purposes of section 1915(g): (1) *Coleman v. County of San Mateo*, No. 13-0474 LHK (pr) (N.D.
25  Cal. dismissed April 11, 2013) (dismissed for failure to state a claim); (2) *Coleman v. Ulshoeffer*,
26  No. 11-6290 LHK (pr) (N.D. Cal. dismissed May 23, 2012) (dismissed with leave to amend for
27  failure to state a claim, and ultimately dismissed without filing an amended complaint); and (3)
28  *Coleman v. County of San Mateo*, No. 11-5728 LHK (pr) (N.D. Cal. dismissed May 23, 2012)

1  (same).

2      In light of these dismissals, and because plaintiff does not appear to be under imminent
3  danger of serious physical injury, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir.
4  2007), plaintiff is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from
5  the date of this order why his motion for leave to proceed IFP should not be denied and this
6  action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If plaintiff is so inclined, he
7  may avoid dismissal by paying the $400.00 filing fee. In any event, the court will continue to
8  review under section 1915(g) all future actions filed by plaintiff while he is incarcerated and in
9  which he seeks IFP status.

10      Failure to file a timely response or failure to pay the full filing fee in will result in the
11  dismissal of this action without further notice to plaintiff.

12      IT IS SO ORDERED.

13  DATED: 2/5/2016

                                  LUCY H. KOH
14                                    United States District Judge